Good morning. Good morning, Your Honor. This is a very, very... Can you tell your name and your appearance for us? I apologize. Lauren Dean on behalf of Michael Holland. Thank you. This is actually a very simple issue and I think in the ExxonMobil case, the United States Supreme Court case, the United States Supreme Court cautioned that the lower courts have variously interpreted the Rooker-Feldman doctrine to extend far beyond the contours of the Rooker and Feldman cases, overriding Congress' conferral of federal court jurisdiction concurrent with jurisdiction exercised by state courts and superseding the ordinary application of preclusion law under 28 U.S.C. Section 1738. And I think that's exactly what happened in this case. Well, just so that we can focus the argument here is that I understand the dependency court dismissed the case action against Holland ultimately, but it's not clear what happened in family court. Did he suffer an adverse judgment in family court? Your Honor, what happened in family court was there was an order to have the children attend school near the mother. So by virtue of that order, the children had to live with the mother, which was in Chatsworth. Mr. Holland was living in Palmdale, and so they no longer lived with him during the school year, and they had been living with him and being cared for him for the majority of the time. So what actions do you specifically challenge here? The actions that we're challenging are the conduct of the social workers in fabricating evidence, the retaliatory motives of the social workers in suppressing material, exculpatory evidence, and never being allowed to permit and challenge a substantiated child abuse finding that was motivated by retaliation on the part of the social workers and a violation of Mr. Holland's due process rights. So we're challenging here conduct of social workers. Were there any challenges to the conduct by county officials that occurred before Holland filed his cases against the sheriff's office and state judge's claims? Wouldn't those be precluded? I apologize. You're talking about the first two actions that he filed in Polk Park? Well, wouldn't any challenge to the conduct by county officials? You mentioned you're challenging some counts that occurred before Holland filed his cases against the sheriff's office and the state judge's claim. Wouldn't they be claim precluded? No, Your Honor. They're not claim precluded, and that was fully briefed and addressed by the district court on the first motion to dismiss filed by the county, and the court affirmatively rejected the claim preclusion argument because the county had actually argued that Mr. Holland's claims were not ripe at the time with regard to the khaki. So we have multiple issues here. I think that's part of the problem. It seems like you threw the spaghetti against the wall, and we're seeing what sticks because I'm also confused about your complaint request's broad institutional relief, especially for your Minnell claim. But then in your reply brief, you appear to narrow your relief to damages and injunctive relief relating to a person's inclusion in khaki. So what really are you seeking relief for? Mr. Holland is seeking relief for the unconstitutional conduct that has caused him damages and harm on the part of the social workers, and that has also resulted in his inability to obtain employment. They knew that he was a security guard by trade. They caused him through their retaliatory and unlawful conduct to lose his job. That had the effect of a ripple effect of losing his children, and now he's in this Kafkaesque land where he still cannot challenge the khaki decision. He's been denied an opportunity for a hearing, and he's properly before the federal court because he's not seeking to overturn an order or judgment of a state court. He is simply seeking damages for what's been done to him for the unconstitutional acts of the social workers, and those are cases that are properly brought in federal or state court, and federal court cannot deny jurisdiction under the Rooker-Feldman doctrine. I had a question. His security clearance was pulled twice. I think that's what my understanding in the record was. The first time it looks like, I can't figure out, and then they reinstated it. The second time, what did they pull it for? Was that when they filed the dependency? It's around that time frame, but it's kind of unclear because there's been real no discovery, but the security clearance was, I believe it was reinstated, and what happened was that they did not allow Mr. Holland to work at DCFS facilities anymore. He had been a security guard at those facilities. So the contractor, he essentially lost his job because the contractor had most of its work with DCFS facilities and county facilities, so by virtue of him not being allowed to provide security services for the county, he was out of work. So why are you being told that? Why hasn't he been given this hearing to get off the CACI? I refer to it as the CACI, but along the lines of he was asking for a hearing, and they refused to give him a hearing, and the person who is in charge of issuing these hearings is actually a DCFS employee. So it's further retaliation for him in this not being able to challenge the child abuse substantiated finding. Did he get put on that list after the dependency proceeding was over, or at what point did he get put on the list? What's the requirement to be put on the list? The requirement for being put on the list is that there's an allegation of child abuse that's substantiated. So the mere allegation, but it has to be substantiated. So what's the measure for that? Because his dependency was ultimately dismissed, right? The dependency court, the county dismissed the action without a hearing at all, so Mr. Holland has never gotten a chance to challenge the fact that he was placed on the CACI and the social workers found substantiated claims of child abuse in violation of his due process rights and in retaliation. So it's kind of a roller coaster of life changes for him that he's seeking to remedy, and he's been damaged, monetary damages, and he's properly before the court. So he hasn't really had a chance to, he only received notice that he was placed on the CACI. Do you want to save any time for rebuttal and hear what they have to say? I'll give two minutes. Okay. You're at three. You have a little less than three minutes left. All right. Well, unless you have any further questions, I would like to wait. I think it might make sense to hear what they have to say, and then you can go about that. I agree. Thank you. Thank you. Good morning. Good morning. May it please the court, my name is Eric Brown, and I represent the appellees. I can address the CACI directly if Your Honor would prefer that. Well, the Rooker-Feldman doctrine is pretty specific, and so what is, I'm not finding any state court decision adverse to Holland in the record, so how is Rooker-Feldman, you know. I think paragraph 47 of both the First Amendment and the original complaint is rather carefully pleaded. The problem is what happened in the family court as you zeroed in on it. So what is the state court action that he's appealing here supposedly? He's appealing the ruling that his children are going to change where they're living, and that's what really upset him, as well as the security clearance. Well, I think there were a few other things that upset him, because he's lost his job, and twice he got his, if he can't get a security clearance, and he hasn't been given a hearing. Well, what happened was we told him, we told his employer, he is working at the facility that is investigating. We don't want him working at DCFS facilities. We didn't tell his employer to fire him. We didn't tell his employer not to send him somewhere else. Well, but it's kind of like a police officer. You don't tell them to fire them, but if they get a domestic violence allegation, they can't carry a firearm, and then they can't have the job. So if you put him on the khaki list, is it khaki? It's khaki. Khaki. If you put him on the khaki list, how can he do his job? Well, the khaki list is not open to everyone. It's not some public list that you can, you know, go onto a website and find. Well, but if it can take your job, I mean, if you're on the khaki list, can you be a security guard at your facility, at that facility? It depends. If the facility does a background check, which includes writing to the Department of Justice and asking them, is this person on this specific list, then I might be. Well, so it can prevent you from having your job. It can. So why hasn't he ever been able to have a hearing on this? Because the way I'm looking at the record, and he wrote this book, which, without going into details, certainly would be one that could inflame, I don't know, how to kill your wife or beat your girlfriend or something along those lines. But he claims that he may have some First Amendment rights there, which he might. You know, just people can write things that don't necessarily, we don't like them, but they may not be actionable. But that being said, his life seems to go downhill after that, and my understanding of the dependency is initially they weren't going to do anything relative to him, but then he complained and said, but why aren't you investigating my ex-wife more? And then after they investigated his ex-wife, then, you know, so every time he asked for more to be done, things went downhill. Well, there are things I could respond to your questions, which kind of go outside the record. I know how many times we've tried to contact him for a hearing. Well, it seems like there may be issues of whether he was properly placed on the list. It may be justified. Why won't you give him a hearing? We will give him a hearing. Well, but how long have you had? Well, of course you'll give him a hearing if the Ninth Circuit says you have to give him a hearing. Had he asked us yesterday, we would have given him a hearing. But he asked for a long time. Did he have to be dragged to court? Well, that's what he pleads. That's not what the information I know we're on. So he's never asked for a hearing? He asked for a hearing. We called him back, said let's set up a hearing, left a message. He calls us and says, why aren't you contacting me about a hearing? We leave some message. We call him back, say we are contacting you about a hearing. Let's do it. Leave a message. He doesn't call us back again. We call him a couple of more times after that. He still doesn't call us back. That's why he didn't get a hearing. If he asked us for a hearing now, he would get a hearing. Counsel, I want to understand. By the way, one more other point on the khaki. If the judge asks you, answer the judge's question first. Go ahead and say what you're going to say and then I'll follow up. His wife requested a hearing and she's off the khaki. So here's my question. Is that the district court dismissed this case in Rooker-Beldman grounds? Yes. And in preparing for this case, we located a number of federal cases from different circuits. Looking at this general type of situation, every case is different. But holding that Rooker-Beldman did not prevent someone from suing county officials for a bad CPS investigation from a number of different circuits. I didn't see anything from the 9th, but a number of those circuits have said Rooker-Beldman does not apply. Are you aware of any out-of-circuit cases that say Rooker-Beldman would apply in this situation where someone is suing county officials for in their terms a botched or a malicious investigation? The way I did the analysis, I didn't focus in on that distinction. What I noticed was in the cases where Rooker-Beldman was held to not apply, it seemed as though the allegations were very specific, such as this social worker on X date took my kid into a room, told the kid, you're not going to be able to leave until you tell me what I want to hear, stop crying, intimidating actions that you can actually plead in a way that's going to meet Bell Atlantic and Iqbal and Rule 11. Not generalized allegations that are in this complaint. So the cases you were looking for were, again, very specific. The ones that didn't apply in your mind, were there very specific allegations suing based on this particular action, whereas in your mind this case are more general allegations? Correct. You mentioned there was a paragraph in the complaint also. I want to make sure I have the right number. Right at the beginning you said in paragraph 47. Okay, thank you. I'll take a look. When did the wife get off the caculus? I'm not privy to what was said in the hearing. When? When. I don't recall the date. I know it was close in time to the dependency proceedings concluding. It was not recently. Federal jurisdiction is not presumed. It's something you have to plead and prove. Judge Guilford saw that there were red flags in this case that suggested to him the federal jurisdiction was not proper in this case, and some of those things included the fact that he'd seen several lawsuits by Mr. Holland before where he was complaining about things that would not rise to the level of a federal question. The judge was aware that Holland had explicitly sought to overturn orders of the juvenile court and I don't believe he sought any orders of the family court to be overturned, but the juvenile court definitely. I've got a couple of race judicata questions for you. Why should we address your race judicata argument based on Andrews versus Holland case against the state judges except for the fact that we're judges, but why should we address that given that you did not make that argument below? Well, I believe one of the issues on appeal was what Judge Guilford did proper as opposed to what the appellees did. Did you make the race judicata argument below on state judges? On the state judges issue, no. I believe we brought up the case against the sheriff and argued that that was actually a case against the county since the sheriff was sued in his official capacity. Okay, so that part is the first time on appeal, but now is it your position that the entire case is precluded due to Holland's earlier cases or do you agree with the district court that race judicata does not bar Holland's claims related to Kaki? Race judicata at that time did not bar the claims related to Kaki because that issue was not ripe. I'm sorry, because that whole proceeding had not gone to its conclusion at that time. It still hasn't happened though, right? Well, we've given him the opportunity for a hearing. That we have done, and he has not called us back. He also could have taken a written mandate. So now has he waived that? No, we're not saying that he's waived it. The department cares about the familial relationship enough that they will give him a hearing even despite whatever deadlines that are written down might have passed. It's their policy to give a hearing to someone who asks for it. So he could call this afternoon and he could get a date for a hearing? He could. Okay. Because of the things that Judge Guilford was privy to, having presided over three cases now by Mr. Holland, it was appropriate for him to not ignore the problems that he knew this case had in terms of jurisdiction and it was proper that he dismissed it. Does the panel have any further questions? We don't appear to. Thank you for your argument. Thank you, counsel. I'd just like to address a few things that are inaccurate. I actually personally asked on two occasions that they just give Mr. Holland a CACI hearing, and on both occasions in connection with proceedings below, I was completely ignored. But I'm happy to hear them say in open court that they'll give him a hearing, and if he calls today he can get one. But we're still dealing with the issue of the damage that's been caused during this time frame until he can get off the CACI. Mr. Holland properly is in federal court. He's not asking to undo any orders below or any judgments, and on that ground, Rooker-Feldman simply and easily doesn't apply. Can you address paragraph 47 of the First Amendment complaint? Your opposing counsel raised it. Just to understand, are you familiar with paragraph 47? Do you have it there? I don't have it. It's on ER, I think, 530. It says, Following the filing of the juvenile dependency petition and detention report, I think you were involved in the drafting of the First Amendment complaint. Do you have it there, counsel? Yes. Okay, great. As I understand from Mr. Brown, this is the paragraph that they point to to say Rooker-Feldman would apply in this case because of this paragraph. I just want to get your response to that. That paragraph is talking about an order that caused him damage, and an order that was based on fabricated evidence and conduct of the social workers, but he's not seeking to undo that order. There's nothing in the complaint that requests that the district court review and reject the family court order. He's seeking monetary damages. And as Your Honor pointed out, in these types of cases across the country, several courts have decided, other circuits which aren't binding on the case, that that Rooker-Feldman doesn't apply. So is your position that if you were to prevail in this litigation, for example, in the whole case, not this appeal, but if it goes back to district court and you win everything, that the court orders, the custody orders, none of those would be affected? They would not be affected. If he wants to reopen the custody issues, he would have to do that in a state court proceeding. But certainly... Well, you can always put something on calendar to change a custody order, right? Yes, Your Honor. And he's not seeking to have the district court overturn a custody order. He's seeking damages for what the social workers have done in retaliation for his First Amendment activity and for complaining that they'd conducted a shoddy investigation. Your time has expired, unless any of my panel members have additional questions. All right, if this matters, then we'll be submitted. Thank you. Thank you, counsel. Thank you both.
judges: Callahan, Watford, Owens